IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luciano Arriaga,<br><br>   Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>   Respondents. | No. CIV 09-0494-PHX-JWS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

  Luciano Arriaga has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Maricopa County Superior Court for aggravated assault and the trial court's imposition of a 7-year prison term. He raises seven grounds for relief. Respondents have moved to dismiss the petition without prejudice, citing Arriaga's pending state-court proceedings. The Court agrees and recommends that the petition be dismissed.

  A review of the Maricopa County Superior Court docket in #CR2002-003435 indicates that Arriaga filed a Notice of Post-Conviction Relief on May 27, 2008. On June 6, 2008, the trial court acknowledged receipt of the notice, appointed counsel, and set deadlines for the filing of a petition, response and reply. On August 21, 2008, Counsel moved for an extension of time to file a post-conviction petition; the trial court granted Arriaga an additional 30 days. The next docket entry was a *Pro Per* Petition for Writ of

1 Habeas Corpus filed by Arriaga on March 10, 2009. Arriaga filed his federal petition on
2 March 11, 2009. *See* Doc. #1.

On October 19, 2009, the state court issued a minute entry ordering Arriaga's Post-Conviction Counsel to show cause why he should not be held in contempt and have sanctions imposed against him for failure to comply with the court's previous order to file a Petition for Post-Conviction Relief by September 29, 2008. As the trial court stated in the minute entry, the docket did not reflect that a petition or Notice of Completion of Post-Conviction Review had been filed as of that date. Counsel was ordered to appear in court on November 13, 2009.

On that date, the trial court acknowledged receipt of counsel's Notice of Completion of Post-Conviction Review filed November 9, 2009. The trial court also ordered Post-Conviction Counsel to remain as advisory counsel until a final determination has been made by the trial court concerning any post-conviction relief proceeding. In addition, the trial court ordered that Arriaga be given 45 days from the date of the Order to file a *pro se* Petition for Post-Conviction Relief, and scheduled deadlines for filing the response and reply.

On January 27, 2010, Arriaga filed a motion to extend time for filing his *pro se* Petition for Post-Conviction Relief. On February 4, 2010, the trial court granted his motion, noting that Arriaga had "filed a *pro per* Petition for Writ of Habeas Corpus in which he raised a number of claims pursuant to Rule 32, Ariz. R. Crim. P." The state court ruled as follows:

> IT IS THEREFORE ORDERED granting defendant an extension of time to and including March 3, 2010 in which to either file his *pro per* Petition for Post-Conviction Relief or to file a motion with the Court indicating that his Petition for Writ of Habeas Corpus filed March 10, 2009 shall serve as his *pro per* petition. If the defendant files a *pro per* Petition for Post-Conviction Relief, the Court shall take no further action on defendant's Petition for Writ of Habeas Corpus. The State shall file a response within 45 days after the petition is filed. Defendant may file a reply within 15 days after the response is filed.

A Federal District Court is not authorized to grant a writ of habeas corpus sought by someone in custody pursuant to a judgment of a state court "unless it appears that the

applicant has exhausted the remedies available in the court of the State." *See* 28 U.S.C. § 2254(b)(1)(A). If an appeal or collateral-review proceeding is pending in state court, a petitioner has not exhausted his remedies until the completion of those proceedings. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Because Arriaga's post-conviction proceedings are still pending in Maricopa County Superior Court, his habeas petition is premature and should be dismissed. The Court recommends a dismissal without prejudice, to allow Arriaga to refile his federal petition upon completion of post-conviction proceedings in state court.

**IT IS THEREFORE RECOMMENDED** that Respondents' Motion to Dismiss be **granted** (Doc. #19).

**IT IS FURTHER RECOMMENDED** that Luciano Arriaga's Petition for Writ of Habeas Corpus be **denied without prejudice** (Doc. #1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right

1 | to appellate review of the findings of fact in an order or judgment entered pursuant to the
2 | Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.
3 | DATED this 9th day of February, 2010.

_____
David K. Duncan
United States Magistrate Judge